<pre>
 1
 2
 3
 4
 5
 6
 7
 8                              UNITED STATES DISTRICT COURT
 9                           FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   GARY GENE RAGAN,                              No.  2:22-cv-01808-DAD-CKD PS
12                  Plaintiff,
13          v.                                     ORDER
14   Thomas P. OLIVER and FERN M.
15   OLIVER,
16                  Defendants.
17
</pre>

18   Plaintiff filed a pro se complaint and a motion to proceed in forma pauperis on October

19 12, 2022. (ECF Nos. 1, 2.) This matter is before the undersigned pursuant to Local Rule

20 302(c)(21). See 28 U.S.C. § 636(b)(1). Because venue does not lie in this district, the court will

21 transfer this action to the United States District Court for the Northern District of Texas.

22   **I. Plaintiff's Complaint**

23   Invoking the court's diversity jurisdiction, plaintiff alleges defendants are trustees of the

24 Oliver Family Master Trust and that they are using an illegal Mineral Deed Master Trust to

25 embezzle money made from the sale of gas and oil from property plaintiff holds a lease to since

26 2014. (ECF No. 1 at 4.) Attached to the complaint are several documents which appear to include

27 a copy of a Deed, a Trust, a Will, and an Oil, Gas, and Mineral Lease. (See id. at 6, 9, 22.)

28 ////

**II. Venue**

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Here, the defendants reside in Brownfield, Texas, in Terry County, which is in the Northern District of Texas.[1] (ECF No. 1 at 2.) The complaint's allegations involve property in Montague County, Texas, which is in the Northern District of Texas. (E.g., ECF No. 1 at 6, 15.) The complaint's allegations do not establish that a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391(b)(2).[2] Venue does not properly lie in this district. See 28 U.S.C. § 1391(b)

Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" if it is "in the interest of justice" to do so. If a district court denies such a transfer in its discretion, then the court must dismiss the suit. 28 U.S.C. § 1406(a). A court may raise and decide the issue of venue sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983). Personal jurisdiction over the defendant is not required for a transfer under § 1406(a). 28 U.S.C. § 1631 (providing for transfer to cure want of personal jurisdiction); Goldlawr, Inc. v.

---

[1] In one place, the complaint indicates a defendant lives in "Brownfield, Terry County, California, 79316." This appears to be a typographical or other inadvertent error. (ECF No. 1 at 3.)

[2] Plaintiff's alleged filing of a police report in Sacramento, California (see ECF No. 1 at 4) is not an event giving rise to the claim.

2

Heiman, 369 U.S. 463, 466 (1962).³

Transfer is generally preferred over dismissal where the plaintiff made an honest mistake as to where the suit could have been brought. E.g., Ali v. Carnegie Inst. of Washington, 967 F. Supp. 2d 1367, 1391 (D. Or. 2013), aff'd, 684 F. App'x 985 (Fed. Cir. 2017). Dismissal is appropriate when the case was deliberately filed in the wrong court through forum shopping, Wood, 705 F.2d at 1523, or if it is clear the complaint could not be amended to state a cognizable claim, see generally Lemon v. Kramer, 270 F.Supp.3d 125, 140 (D. D.C. 2017).

Here, there is no indication plaintiff deliberately filed this case in the wrong court, and the court is unable to conclude there are no circumstances under which plaintiff can state a cognizable claim against defendants. Because the defendants reside in the Northern District of Texas and the complaint's allegations appear to involve property situated in the Northern District of Texas, the court will transfer this action to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a). In transferring this action, this court expresses no opinion regarding the merits of plaintiff's claims. Plaintiff is instructed to direct any further filings or inquiries related to this case to the United States District Court for the Northern District of Texas. Further documents filed in the Eastern District of California related to this case will be disregarded.

**III. Conclusion and Order**

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action, including the pending motion to proceed in forma pauperis, is TRANSFERRED to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

2. The Clerk of the Court shall close this case.

Dated: October 20, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Ragan22cv1808.ven

---

³ Ordinarily, a defendant may waive an objection to venue. See Costlow, 790 F.2d at 1487-88. Because plaintiff seeks to proceed in forma pauperis, however, defendants will not appear unless the complaint is found to state cognizable claims upon screening. See 28 U.S.C. § 1915(e).